UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 1:15-CV-00047 HBB

**RICKY BOLEN**                                                                                                              **PLAINTIFF**

VS.

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security**                                                                          **DEFENDANT**

## MEMORANDUM, OPINION,

## AND ORDER

This matter is before the Court on the motions (DN 20, 21) of Ricky Bolen ("Plaintiff") for attorneys' fees pursuant to 42 U.S.C. § 406(b) and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, respectively.  The Commissioner responded (DN 28, 29), and Plaintiff replied (DN 30).  This matter is ripe for determination.

## BACKGROUND

On February 10, 2016, the undersigned issued a Memorandum, Opinion, and Order concluding the ALJ's decision was not supported by substantial evidence and remanding this case for further consideration (DN 18).  On remand, the Social Security Administration (SSA) awarded Plaintiff Disability Insurance Benefits backdated to February, 2014 (DN 30-1 p.3).  The total back pay amount was $42,265 (Id. at p.4).  The SSA withheld $10,566.25, twenty-five percent of the total, in anticipation of paying attorneys' fees (Id.).

Presently, the SSA has awarded Plaintiff's counsel $6,000, the maximum amount ordinarily allowed under the regulations. 42 U.S.C. § 406(a) *et seq*. But the regulations allow an attorney whose client receives a favorable judgment as a result of an appeal to the District Court to obtain a fee in excess of $6,000, but not to exceed twenty-five percent of the total amount recovered by the Plaintiff. 42 U.S.C. § 406(b)(1)(A).

A

The undersigned will address each of Plaintiff's motions in turn. The motion located at (DN 20) requests the outstanding amount still being held by the SSA, a total of $4,566.25 (Id. at p.1). For the reasons set forth below, Plaintiff's motion is granted.

The United States references the fee agreement which states that Plaintiff's counsel shall take the lesser of either $6,000 or 25% of any amount recovered (DN 28 at p.3 (citing Tr. 124)). The United States contends the fee agreement does not distinguish between services performed before the ALJ and those performed before the District Court (Id.). But this argument falls short by failing to consider the entirety of the fee agreement, which goes on to state:

> It is agreed that if the Social Security Administration favorably decides Client's claim at the Appeals Council level, or at the ALJ hearing level after a remand by the Appeals Council or United States District Court, Attorney may petition the Social Security Administration for approval to charge a fee not in excess of twenty-five percent (25%) of all past-due benefits.

(Tr. 124).

The District Court remanded for further proceedings. The ALJ found favorably for the Plaintiff and awarded benefits. Plaintiff's counsel is thus properly petitioning the SSA for the remainder of the fee contemplated by the fee agreement. The undersigned concludes that

2

Plaintiff's request is appropriate, and the remaining $4,566.25 is to be remitted to Plaintiff's counsel.

B

Plaintiff filed a second motion at (DN 21). This motion functionally serves as a safety net, requesting a nearly identical sum to the previous motion, $4,676.31 (DN 21 at p.1), but brought under EAJA. Moreover, Plaintiff later clarifies that these motions are meant to be read in the alternative, and not as motions for two forms of relief (DN 30 at p.1). Because the undersigned concludes this motion is time barred, it is denied.

EAJA allows for the recovery of attorneys' fees in suit against the United States unless the United States' position is found to be particularly justified. 28 U.S.C. § 2412(d)(1)(A). An application for fees under EAJA must be filed no more than thirty days following the entry of a final judgment. 28 U.S.C. § 2412(d)(1)(B).

In this case, final judgment was entered on February 10, 2016 (DN 19). According to Federal Rule of Appellate Procedure 4(a), the United States' time to appeal expired sixty days following the entry of a final judgment. Thus, the final day for the United States to file an appeal was April 11, 2016, and the final day for Plaintiff to file pursuant to EAJA was May 11, 2016. Plaintiff did not file this EAJA motion until September 2, 2016, well outside the applicable deadline for EAJA purposes.

Notably, Plaintiff does not respond to the issue of time bar in the reply, and Plaintiff does not assert any argument that equitable tolling should apply here (*See* DN 30). The undersigned therefore concludes that Plaintiff's motion for fees brought under EAJA is denied.

**ORDER**

1. **IT IS HEREBY ORDERED** that Plaintiff's motion for attorneys' fees under 28 U.S.C. § 406(b) (DN 20) is **granted**, and the SSA is to remit the remaining $4,566.25 to Plaintiff's counsel as requested.

2. **IT IS FURTHER ORDERED** that Plaintiff's motion (DN 21) is **denied** because it is time barred.

Copies: Counsel